## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| WILBURN WILLIAMSON, Individually and as Special Administrator of the Estate of Pauline Gale | ) ) ) ) | |
| | ) | Case No: 3:06-cv-01023-MJR-PMF |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED ON ALL COUNTS |
| MERCK & CO., INC., also d/b/a MERCK, SHARP AND DOHME and d/b/a MSD SHARP & DOHME GmbH, PFIZER INC., and EDWARDSVILLE HEALTH CARE CENTER INVESTORS, L.L.C. d/b/a University Nursing & Rehabilitation Center, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck") improperly referred to by plaintiff as "Merck & Co., Inc., also d/b/a Merck, Sharp and Dohme and d/b/a MSD Sharp & Dohme GmbH," through undersigned counsel, hereby removes the state court action entitled *Wilburn Williamson, Individually and as Special Administrator of the Estate of Pauline Gale v. Merck & Co., Inc., et. al.*, Civil Action No. 06-L-952, filed in the Circuit Court of Madison County in the State of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

1.     This is one of numerous lawsuits that have been filed in both federal and state courts around the country concerning the pharmaceutical Vioxx®. On February 16, 2005, the Judicial Panel of Multidistrict Litigation ("the Panel") entered an order establishing MDL-1657 and ordering the transfer of more than 140 cases, and noting that another "nearly 300 potentially

2491733                                           1

related actions pending in multiple federal districts" will be treated as potential tag-along actions. The Court further found specifically that "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" and that motions to remand in "MDL-1657 actions can be presented to and decided by the transferee judge." *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005).

      2.      Merck intends to seek the inclusion of this case within the MDL proceedings.

      3.      On or about October 23, 2006, plaintiff filed this action against Merck, Pfizer, and Edwardsville Health Care Center Investors, by filing a complaint in the Circuit Court of Madison County, Illinois, bearing Number 06-L-952. A copy of the Complaint is attached hereto as Exhibit 1.

      4.      In this action, plaintiff alleges that his decedent suffered a stroke and other cardiovascular injuries that led to her death as a result of taking Vioxx and Bextra. (Comp. ¶ 16, 150.) Plaintiff's key contentions are that these drugs are defectively designed, inadequately tested and dangerous to human health, and that the defendants failed to warn properly of the dangers associated with their use. (*Id.* at ¶¶ 12, 13, 160, 163.)

      5.      Merck has not been served with the Complaint in this case more than 30 days prior to the date of this filing. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b).

      6.      As described below, Edwardsville Health Care Center Investors, LLC was fraudulently joined in this action. Accordingly, Edwardsville Health Care Center Investors, LLC need not consent in this removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); *Siderits v. State of Indiana*, 830 F. Supp. 1156, 1160 (N.D. Ind. 1993); *Hess v. Great Atlantic & Pacific Tea Co., Inc.*, 520 F. Supp. 373, 375-76 (N.D. Ill. 1981).

7.     No further proceedings have been had in the state court action.

8.     As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441

### A.     Amount In Controversy

9.     It is apparent from the face of the Complaint that plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff in this case brings thirty-five different claims against Merck and other defendants. Plaintiff alleges that as a result of taking Vioxx and Bextra, decedent suffered a stroke, other injuries, and death. (Comp., ¶¶ 16, 150) Plaintiff's key contentions are that these drugs are defectively designed, inadequately tested and dangerous to human health, and that the defendants failed to warn properly of the dangers associated with their use. (*Id.* at ¶¶ 12, 13, 160, 163.) Nowhere in the Complaint does plaintiff limit the amount in controversy to less than $75,000. Rather, for each of the counts, plaintiff requests damages in excess of $50,000 plus the costs of suit. (*Id.*, Prayers for Relief.)

10.    If liability is established, compensatory damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability claims in Illinois, where as here, plaintiff alleges serious injuries. *See, e.g., Hansen v. Baxter Healthcare Corp.,* 198 Ill. 2d 420, 439 (Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287 (Ill. Ct. App. 1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 810 (Ill. Ct. App. 1993). Based on plaintiff's allegations of personal and economic injuries, the finder of fact could easily conclude that plaintiff is entitled to damages in excess of $75,000, and Merck has met its burden of

showing that the jurisdictional amount is satisfied. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006); *In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 671 (7th Cir. 2001) (observing, where plaintiff alleged permanent lung damage in a personal injury suit, that "[i]t is difficult to see how, if he succeeded in proving his claim … he would be entitled to less than … [the] jurisdictional minimum"); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997); *Hansen*, 198 Ill. 2d at 439.

11.    Moreover, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co.,* No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186 (D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

### B.    Complete Diversity Of Citizenship

12.    There is complete diversity between plaintiff, a citizen of Illinois, and Merck, a citizen of New Jersey, and Pfizer, a citizen of Delaware and New York. Pauline Gale, decedent, was a citizen of the state of Illinois. See Pauline Gale Death Certificate, attached hereto as Exhibit 2. As decedent was a citizen of Illinois, so shall plaintiff, Wilburn Williamson, be deemed a citizen of Illinois. See 28 U.S.C. § 1332(c)(2) (for purposes of this section "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

13.     Merck is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey, and, therefore, is a citizen of the State of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 2.

14.     Pfizer is, and was at the time plaintiff filed this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New York, and, therefore, is a citizen of the State of Delaware and the State of New York for purposes of determining diversity.  28 U.S.C. § 1332(c)(1); *see also* Comp. ¶ 151.

15.     The remaining defendant, Edwardsville Health Care Center Investors, L.L.C., is alleged to be "a corporation, organized and existing pursuant to the laws of the State of Illinois and is a duly licensed long-term care facility by the State of Illinois…." (Comp. ¶ 302).  Certain members of Edwardsville Health Care Center Investors, L.L.C. are citizens of Illinois; however, removal is nonetheless proper for the following reasons.

16.     Edwardsville Health Care Center Investors, L.L.C. has been fraudulently joined to defeat diversity.  Accordingly, its citizenship should be ignored for purposes of determining diversity.  *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

17.     In the Seventh Circuit, "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  In determining whether a defendant was fraudulently joined, the Seventh Circuit requires not just an analysis of whether plaintiff stated a "claim," but also whether plaintiff has a "reasonable possibility" of recovery on that claim.  *See Schwartz*, 174 F.3d at 878 (finding

removal proper because of fraudulent joinder, notwithstanding the fact that plaintiff had a "claim" under the concept of notice pleading).

18.    In the context of prescription drugs, an in-state healthcare provider is fraudulently joined where conclusory allegations of the provider's knowledge are contradicted by the specific allegations in the Complaint that the manufacturer-defendant concealed information from the general public, including healthcare providers. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (*Rezulin I*) (in-state physician fraudulently joined when minimal conclusory allegations of the physician's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed or misrepresented information); *In re Rezulin Prods. Liab. Litig.*, 2002 WL 31852826 at *2 (S.D.N.Y. Dec. 18, 2002) (*Rezulin II*) (non-diverse physician defendant fraudulently joined because conclusory allegations of physician's knowledge are insufficient where "main tenor of plaintiffs' complaint is that [drug] was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others"); *Louis v. Wyeth-Ayerst Pharms., Inc.*, No. 5:00-CV-102-LN, slip op. at 2 (S.D. Miss. Sept. 25, 2000) (in-state pharmacy fraudulently joined where allegations of in-state defendant's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed or misrepresented information); *In re Diet Drugs*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (same).

19.    Here, plaintiff does not make *any* allegations regarding Edwardsville Health Care Center Investors, L.L.C.'s knowledge of the health risks allegedly associated with Vioxx. Plaintiff alleges *nothing* with respect to its connection with Vioxx. Moreover, plaintiff alleges that Merck went to extensive lengths to conceal the alleged risks of Vioxx from everyone, *including* Edwardsville Health Care Center Investors, L.L.C.   Plaintiff claims that Merck

"concealed its knowledge of serious cardiovascular risks associated with Vioxx"; failed to advise the FDA, the *medical community*, and the patients about these dangerous side effects incident to Vioxx use; "continuously and systematically denied the ill health effects associated with Vioxx"; and "making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribing physicians and patients as to the true risk...." (*Id.*, ¶¶ 22, 23, 31, 62 (emphasis added).) Thus, there is no factual basis for imputing to Edwardsville Health Care Center Investors, L.L.C. knowledge of the allegedly adverse risks of Vioxx where, according to plaintiff, Merck actively concealed such risks from it. In fact, plaintiff has no allegations whatsoever concerning what Edwardsville Health Care Center Investors, L.L.C. knew or did not know about Vioxx.

20.    Notably, even the Plaintiffs' Steering Committee in the Vioxx MDL has recognized that joinder of healthcare providers as defendants is generally improper in cases such as this where the claims against Merck are by and large incompatible with a claim that the doctor is at fault. (*See In re VIOXX MDL*, Order of July 21, 2005, at 2 (attached hereto as Exhibit 3)).

21.    Furthermore, even if the Court finds that Edwardsville Health Care Center Investors, L.L.C. is not fraudulently joined, its joinder does not defeat removal because it is also fraudulently misjoined. Federal Rule of Civil Procedure 20(a) limits the permissive joinder of parties to claims "arising out of the same transaction, occurrence, or series of transactions or occurrences." Because the claims against Edwardsville Health Care Center Investors, L.L.C. do not arise from the same transaction or series of transactions as the claims against Merck, they violate Rule 20(a) and cannot proceed as one claim. Fed. R. Civ. P. 20(a); *see also* Fed. R. Civ. Pro. 21; James William Moore, *Moore's Fed. Prac.*, § 20.02 (3d ed. 1997).

22.     The joinder of Edwardsville Health Care Center Investors, L.L.C. in this case is improper because plaintiff's claims against it and Merck do not arise out of the same "transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 20(a). Plaintiff's medical negligence claim against Edwardsville Health Care Center Investors, L.L.C. is premised on its negligent and careless acts which caused injury to Plaintiff's decedent. (Comp. ¶ 315 (A)-(G).)  Plaintiff in no way connects this claim with his Vioxx claims, nor could he.  Plaintiff's claims against Merck are product liability claims premised on allegations of inadequate disclosures and warnings of the health risks allegedly associated with its use. (*Id.*, Counts I-XIV.)

23.     Therefore, plaintiff's claims arising out of Edwardsville Health Care Center Investors, L.L.C.'s care and treatment of plaintiff's decedent do not arise out of the same "transaction or occurrence" as his claims against Merck.  As such, they are fraudulently misjoined with the claims against Merck.  *See In re Rezulin Prod. Liab. Litig.*, 2003 WL 21276425 at *1-2 (S.D.N.Y. June 2, 2003) (finding non-diverse physician fraudulently misjoined with claims against drug manufacturer where basis of claim against physician was failure to diagnose alleged liver dysfunction, while basis of claim against manufacturer went "principally to the safety and efficacy of the drug and ha[d] little if anything to do with the malpractice claim."); *Lee v. Mann*, 2000 WL 724046 (Va. Cir. Ct. Apr. 5, 2000) (upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

24.     By tacking the claim against Edwardsville Health Care Center Investors, L.L.C. onto plaintiff's Complaint, plaintiff is attempting to rely on the unrelated claim against it to evade federal jurisdiction.  This Court should not permit plaintiff to prevail on such attempts to

manipulate the removal statute. Assuming the Court does not exercise jurisdiction over

plaintiff's claims against Edwardsville Health Care Center Investors, L.L.C., the Court

nevertheless has jurisdiction over plaintiff's claims against Merck. The Court can sever or

dismiss plaintiff's claims against Edwardsville Health Care Center Investors, L.L.C. without

prejudice pursuant to Federal Rules of Civil Procedure 20 and 21, permitting plaintiff to refile his

claim against them separately. *See Rezulin*, 00 Civ. 2843, Pretrial Order No. 150, 2003 WL

21276425 at *1 (remanding fraudulently misjoined claim against non-diverse physician and

otherwise denying motion to remand).

## II.    MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

25.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

26.    The United States District Court for the Southern District of Illinois embraces the

county in which the state court action is now pending. Therefore, this action is properly removed

to the Southern District of Illinois pursuant to 28 U.S.C. § 93(c) and 1441(a).

27.    Merck has obtained the consent of Pfizer Inc., attached hereto as Exhibit 4.

28.    As discussed above, Edwardsville Health Care Center Investors, L.L.C. was

fraudulently joined in this action, and, therefore, Merck need not obtain its consent to remove

this action. *See Shaw*, 994 F.2d at 369; *Siderits*, 830 F. Supp. at 1160; *Hess*, 520 F. Supp. at

375-76.

29.    Pursuant to 28 U.S.C. § 1446(d), Merck is filing written notice of this removal

and a copy of the Notice of Removal with the clerk of the state court in which this action is

currently pending and will serve a copy of this notice on all parties to the removed action.

WHEREFORE, defendant Merck respectfully removes this action from the Circuit Court of Madison County, Illinois, bearing Number 06-L-952, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

BRYAN CAVE LLP

By:_____

Dan H. Ball  #06192613
Robert T. Ebert, Jr. #06197650
Stephen G. Strauss #06278807
Randy J. Soriano #06279439
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone:  (314) 259-2000
Facsimile:  (314) 259-2020

*Attorneys for Merck & Co., Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___ day of December, 2006, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

2491733                                11