## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILBURN WILLIAMSON**, Individually | ) | |
| and as Special Administrator of the Estate | ) | |
| of **PAULINE GALE** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06-1023-MJR-PMF |
| | ) | |
| **MERCK & CO., INC., et al.,** | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

### DEFENDANT PFIZER INC.'S ANSWER TO COMPLAINT

NOW COMES Pfizer Inc. ("Pfizer") through undersigned counsel, and for its answer to Plaintiff's Complaint states as follows:

1.      The allegations contained in Paragraph 1 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 2 of Plaintiff's Complaint. [1]

---

[1] Plaintiff's Complaint includes two Paragraphs numbered "2." For consistency, the numbering of the Paragraphs in Plaintiff's Complaint is repeated here.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.[2]

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Paragraph 9 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 9 of Plaintiff's complaint.

10.     Paragraph 10 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 10 of Plaintiff's complaint.

---

[2] Plaintiff's Complaint skips from Paragraph 3 to Paragraph 5.  For consistency, the numbering of the Paragraphs in Plaintiff's Complaint is repeated here.

11.      The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.      The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.      The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.      The allegations contained in Paragraph 14 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.      The allegations contained in Paragraph 15 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.      The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.      The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.    The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    The allegations contained in Paragraph 24 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.      The allegations contained in Paragraph 25 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.      The allegations contained in Paragraph 26 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.      The allegations contained in Paragraph 27 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.      The allegations contained in Paragraph 28 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.      The allegations contained in Paragraph 29 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.      The allegations contained in Paragraph 30 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.      The allegations contained in Paragraph 31 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.     The allegations contained in Paragraph 33 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     The allegations contained in Paragraph 34 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.     The allegations contained in Paragraph 35 of Plaintiff's Complaint, including subparts (a) through (g), are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    The allegations contained in Paragraph 39 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    The allegations contained in Paragraph 40 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.    The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.    The allegations contained in Paragraph 42 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.    The allegations contained in Paragraph 43 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.    The allegations contained in Paragraph 44 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.    The allegations contained in Paragraph 45 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     The allegations contained in Paragraph 46 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     The allegations contained in Paragraph 49 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     The allegations contained in Paragraph 51 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     The allegations contained in Paragraph 52 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     The allegations contained in Paragraph 54 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     The allegations contained in Paragraph 55 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     The allegations contained in Paragraph 56 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     The allegations contained in Paragraph 57 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     The allegations contained in Paragraph 58 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.     The allegations contained in Paragraph 59 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    The allegations contained in Paragraph 60 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    The allegations contained in Paragraph 61 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.    The allegations contained in Paragraph 62 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 62 as though fully rewritten herein.

64.    The allegations contained in Paragraph 64 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    The allegations contained in Paragraph 65 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    The allegations contained in Paragraph 66 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.    The allegations contained in Paragraph 67 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 1</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 1 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 1.

68.      Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 67 as though fully rewritten herein.

69.      The allegations contained in Paragraph 69 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.      The allegations contained in Paragraph 70 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.      The allegations contained in Paragraph 71 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72.      The allegations contained in Paragraph 72 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 2</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in

Count 2 of the Complaint. To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 2.

73.     Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 72 as though fully rewritten herein.

74.     The allegations contained in Paragraph 74 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75.     The allegations contained in Paragraph 75 of Plaintiff's Complaint, including subparts (a) through (p), are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.     The allegations contained in Paragraph 76 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77.     The allegations contained in Paragraph 77 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 3</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 3 of the Complaint. To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 3.

78.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 77 as though fully rewritten herein.

79.    The allegations contained in Paragraph 79 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.    The allegations contained in Paragraph 80 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.    The allegations contained in Paragraph 81 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82.    The allegations contained in Paragraph 82 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 4</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 4 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 4.

83.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 82 as though fully rewritten herein.

84.     The allegations contained in Paragraph 84 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85.     The allegations contained in Paragraph 85 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86.     The allegations contained in Paragraph 86 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87.     The allegations contained in Paragraph 87 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88.     The allegations contained in Paragraph 88 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89.     The allegations contained in Paragraph 89 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90.     The allegations contained in Paragraph 90 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

## ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 5

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 5 of the Complaint. To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 5.

91.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 90 as though fully rewritten herein.

92.    The allegations contained in Paragraph 92 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93.    The allegations contained in Paragraph 93 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94.    The allegations contained in Paragraph 94 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95.    The allegations contained in Paragraph 95 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 95 of Plaintiff's Complaint.

## ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 6

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in

Count 6 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 6.

96.     Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 95 as though fully rewritten herein.

97.     The allegations contained in Paragraph 97 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98.     The allegations contained in Paragraph 98 of Plaintiff's Complaint, including subparts (a) through (f), are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99.     The allegations contained in Paragraph 99 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100.    The allegations contained in Paragraph 100 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101.    The allegations contained in Paragraph 101 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102.    The allegations contained in Paragraph 102 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103.    The allegations contained in Paragraph 103 of Plaintiff's Complaint, including subparts (a) through (c), are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    The allegations contained in Paragraph 104 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    The allegations contained in Paragraph 105 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    The allegations contained in Paragraph 106 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 7</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 7 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 7.

107.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 106 as though fully rewritten herein.

108.    The allegations contained in Paragraph 108 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    The allegations contained in Paragraph 109 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.    The allegations contained in Paragraph 110 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.    The allegations contained in Paragraph 111 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 8</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 8 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 8.

112.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 111 as though fully rewritten herein.

113.    The allegations contained in Paragraph 113 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114.    The allegations contained in Paragraph 114 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.    The allegations contained in Paragraph 115 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.    The allegations contained in Paragraph 116 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.    The allegations contained in Paragraph 117 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118.    The allegations contained in Paragraph 118 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 118 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 9</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 9 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 9.

119.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 118 as though fully rewritten herein.

120.    The allegations contained in Paragraph 120 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.    The allegations contained in Paragraph 121 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.    The allegations contained in Paragraph 122 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.    The allegations contained in Paragraph 123 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 10</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 10 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 10.

124.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 123 as though fully rewritten herein.

125.    The allegations contained in Paragraph 125 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126.    The allegations contained in Paragraph 126 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 126 of Plaintiff's Complaint.

127.    The allegations contained in Paragraph 127 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 127 of Plaintiff's Complaint.

128.    The allegations contained in Paragraph 128 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 128 of Plaintiff's Complaint.

129.    The allegations contained in Paragraph 129 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 129 of Plaintiff's Complaint.

130.    The allegations contained in Paragraph 130 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 130 of Plaintiff's Complaint

131.    The allegations contained in Paragraph 131 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 131 of Plaintiff's Complaint.

132.    The allegations contained in Paragraph 132 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 132 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 11</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 11 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 11.

133.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 132 as though fully rewritten herein.

134.    The allegations contained in Paragraph 134 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 134 of Plaintiff's Complaint.

135.    The allegations contained in Paragraph 135 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 135 of Plaintiff's Complaint.

136.    The allegations contained in Paragraph 136 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 136 of Plaintiff's Complaint.

137.    The allegations contained in Paragraph 137 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 137 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 12</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 12 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 12.

138.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 137 as though fully rewritten herein.

139.    The allegations contained in Paragraph 139 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 139 of Plaintiff's Complaint.

140.    The allegations contained in Paragraph 140 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 140 of Plaintiff's Complaint.

141.    The allegations contained in Paragraph 141 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 141 of Plaintiff's Complaint.

142.    The allegations contained in Paragraph 142 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 142 of Plaintiff's Complaint.

143.    The allegations contained in Paragraph 143 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 143 of Plaintiff's Complaint.

144.    The allegations contained in Paragraph 144 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 144 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 13</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 13 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 13.

145.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 144 as though fully rewritten herein.

146.    The allegations contained in Paragraph 146 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 146 of Plaintiff's Complaint.

147.    The allegations contained in Paragraph 147 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 147 of Plaintiff's Complaint.

148.    The allegations contained in Paragraph 148 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 148 of Plaintiff's Complaint.

149.    The allegations contained in Paragraph 149 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 149 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 14</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 14 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 14.

150.    Pfizer admits, upon information and belief, that Wilburn Williamson is the special administrator of the estate of Pauline Gale, deceased, and a resident of Collinsville, Illinois. Pfizer acknowledges that Plaintiff is seeking damages for personal injuries, but  denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in

Paragraph 150 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged ingestion of Bextra®, and therefore denies the same. Pfizer denies all remaining or inconsistent allegations contained in Paragraph 150 of Plaintiff's Complaint.

151.    Pfizer admits that it is a Delaware corporation with its principal place of business in the State of New York. Pfizer admits that its registered agent for service of process in Illinois is CT Corporation, 208 So. LaSalle St., Suite 814, Chicago, Illinois, 60604. Pfizer further admits that, during certain times, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Pfizer denies all remaining or inconsistent allegations contained in Paragraph 151 of Plaintiff's Complaint.

152.    Pfizer denies the allegations contained in Paragraph 152 of Plaintiff's Complaint.

153.    Pfizer denies the allegations contained in Paragraph 153 of Plaintiff's Complaint.

154.    Pfizer denies the allegations contained in Paragraph 154 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

155.    Pfizer denies the allegations contained in Paragraph 155 of Plaintiff's Complaint and specifically denies any "fraudulent concealment and misrepresentation."

156.    Pfizer denies the allegations contained in Paragraph 156 of Plaintiff's Complaint and specifically denies any "fraudulent concealment."

157.    Paragraph 157 contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 157 of Plaintiff's complaint.

158.   Paragraph 158 contains a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 158 of Plaintiff's complaint.

159.   Pfizer admits that, during certain times, it marketed and co-promoted Valdecoxib, under the trade name Bextra®, throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Pfizer denies all remaining or inconsistent allegations contained in Paragraph 159 of Plaintiff's Complaint.

160.   Pfizer admits that, during certain times, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies all remaining or inconsistent allegations contained in Paragraph 160 of Plaintiff's Complaint.

161.   Pfizer denies the allegations contained in Paragraph 161 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

162.   Pfizer admits that, on November 16, 2001, the FDA approved Bextra® for use in the treatment of primary dysmenorrhea and the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as indicated in the package insert approved by the FDA. Pfizer denies all remaining or inconsistent allegations contained in Paragraph 162 of Plaintiff's Complaint.

163.   Pfizer admits that, during certain times, it marketed and co-promoted Valdecoxib, under the trade name Bextra®, throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.

Pfizer denies all remaining or inconsistent allegations contained in Paragraph 164 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

164.     Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of Plaintiff's Complaint regarding Plaintiff's decedent's prescription for or ingestion of Bextra®, and therefore denies same.  Pfizer denies all remaining or inconsistent allegations contained in Paragraph 164 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

165.     Pfizer admits that, during certain times, it marketed and co-promoted Valdecoxib, under the trade name Bextra®, throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Pfizer denies the remaining allegations contained in Paragraph 165 of Plaintiff's Complaint and specifically denies any "wrongful conduct."

166.     Pfizer admits that, during certain times, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies all remaining or inconsistent allegations contained in Paragraph 166 of Plaintiff's Complaint.

167.     Pfizer admits that Bextra® was voluntarily withdrawn from the United States market on April 7, 2005.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Pfizer denies all remaining or inconsistent allegations contained in Paragraph 167 of Plaintiff's Complaint.

168.    Pfizer denies the allegations contained in Paragraph 168 of Plaintiff's Complaint and specifically denies that Bextra® had a "dangerous nature."  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

169.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 168 as though fully rewritten herein.

170.    Pfizer admits that, during certain times, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies all remaining or inconsistent allegations contained in Paragraph 170 of Plaintiff's Complaint.

171.    Pfizer denies the allegations contained in Paragraph 171 of Plaintiff's Complaint and specifically denies that Bextra® was or is "defective in design" or "unreasonably dangerous." Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

172.    Pfizer denies the allegations contained in Paragraph 172 of Plaintiff's Complaint and specifically denies that Bextra® was or is "defective in design" or "dangerous."  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

173.    Pfizer denies the allegations contained in Paragraph 173 of Plaintiff's Complaint and specifically denies that Bextra® has "dangerous propensities."  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

174.     Pfizer denies the allegations contained in Paragraph 174 of Plaintiff's Complaint, specifically denies that Bextra® was or is "defective" or has a "dangerous design," and specifically denies that Bextra® caused injury to Plaintiff's decedent.

175.     Pfizer denies the allegations contained in Paragraph 175 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 15

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 15 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 15.

176.     Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 175 as though fully rewritten herein.

177.     Pfizer admits that, during certain times, it marketed and co-promoted Valdecoxib, under the trade name Bextra®, throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA. Pfizer denies the remaining allegations contained in Paragraph 177 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

178.     Pfizer denies the allegations contained in Paragraph 178 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

179.     Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

180.     Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 16</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 16 of the Complaint. To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 16.

181.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 180 as though fully rewritten herein.

182.    Pfizer denies the remaining allegations contained in Paragraph 182 of Plaintiff's Complaint. Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

183.    Pfizer denies the allegations contained in Paragraph 183 of Plaintiff's Complaint and specifically denies that Bextra® was or is "an unreasonably dangerous defective product" or that it has "dangerous characteristics." Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

184.    Pfizer denies the allegations contained in Paragraph 184 of Plaintiff's Complaint. Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

185.    Pfizer denies the allegations contained in Paragraph 185 of Plaintiff's Complaint.

186.    Pfizer denies the allegations contained in Paragraph 186 of Plaintiff's Complaint.

187.    Pfizer denies the allegations contained in Paragraph 187 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

188.    Pfizer denies the allegations contained in Paragraph 188 of Plaintiff's Complaint.

189.    Pfizer denies the allegations contained in Paragraph 189 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

190.    Pfizer denies the allegations contained in Paragraph 190 of Plaintiff's Complaint.

191.    Pfizer denies the allegations contained in Paragraph 191 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

192.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 17</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 17 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 17.

193.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 192 as though fully rewritten herein.

194.    Pfizer denies the allegations contained in Paragraph 194 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

195.    Pfizer denies the allegations contained in Paragraph 195 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

196.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

197.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 18</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph of Count 18 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 18.

198.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 197 as though fully rewritten herein.

199.    Pfizer admits that, during certain times, it marketed and co-promoted Bextra® throughout the United States to be prescribed by healthcare providers who are authorized by law to prescribe drugs in accordance with their approval by the FDA.  Pfizer denies all remaining or inconsistent allegations contained in Paragraph 199 of Plaintiff's Complaint.

200.    Pfizer denies the allegations contained in Paragraph 200 of Plaintiff's Complaint and specifically denies that Bextra® was or is "defective in design" or "unreasonably dangerous." Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

201.    Pfizer denies the allegations contained in Paragraph 201 of Plaintiff's Complaint and specifically denies that Bextra® was or is "defective in design" or "dangerous."  Pfizer states

that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

202.    Pfizer denies the allegations contained in Paragraph 202 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

203.    Pfizer denies the allegations contained in Paragraph 203 of Plaintiff's Complaint.

204.    Pfizer denies the allegations contained in Paragraph 204 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

205.    Pfizer denies the allegations contained in Paragraph 205 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

206.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 19</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 19 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 19.

207.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 206 as though fully rewritten herein.

208.    Pfizer denies the allegations contained in Paragraph 208 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

209.    Pfizer denies the allegations contained in Paragraph 209 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

210.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

211.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 20

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 20 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 20.

212.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 211 as though fully rewritten herein.

213.    Pfizer denies the allegations contained in Paragraph 213 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

214.    Pfizer denies the allegations contained in Paragraph 214 of Plaintiff's Complaint, including subparts (A) through (E).  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

215.    Pfizer denies the allegations contained in Paragraph 215 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

216.    Pfizer denies the allegations contained in Paragraph 216 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

217.    Pfizer denies the allegations contained in Paragraph 217 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

218.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 21

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 21 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 21.

219.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 218 as though fully rewritten herein.

220.    Pfizer denies the allegations contained in Paragraph 220 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

221.    Pfizer denies the allegations contained in Paragraph 221 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

222.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

223.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 22

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in

Count 22 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 22.

224.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 223 as though fully rewritten herein.

225.    Pfizer denies the allegations contained in Paragraph 225 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

226.    Pfizer denies the allegations contained in Paragraph 226 of Plaintiff's Complaint and specifically denies any "omissions."  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Pfizer further states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

227.    Pfizer denies the allegations contained in Paragraph 227 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

228.    Pfizer denies the allegations contained in Paragraph 228 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

229.    Pfizer denies the allegations contained in Paragraph 229 of Plaintiff's Complaint and specifically denies any "concealment."  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

230.    Pfizer denies the allegations contained in Paragraph 230 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

231.    Pfizer denies the allegations contained in Paragraph 231 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

232.    Pfizer lacks knowledge or information sufficient to form a belief as to Plaintiff's meaning of "the information," and therefore denies same.  Pfizer denies all remaining or inconsistent allegations contained in Paragraph 232 of Plaintiff's Complaint.

233.    Pfizer denies the allegations contained in Paragraph 233 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

234.    Pfizer denies the allegations contained in Paragraph 234 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

235.    Pfizer denies the allegations contained in Paragraph 235 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

236.    Pfizer denies the allegations contained in Paragraph 236 of Plaintiff's Complaint.  Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

237.    Pfizer denies the allegations contained in Paragraph 237 of Plaintiff's Complaint.

238.    Pfizer denies the allegations contained in Paragraph 238 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

239.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 23</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 23 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 23.

240.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 239 as though fully rewritten herein.

241.    Pfizer denies the allegations contained in Paragraph 241 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

242.    Pfizer denies the allegations contained in Paragraph 242 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

243.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

244.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 24</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 24 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 24.

245.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 244 as though fully rewritten herein.

246.    Pfizer denies the allegations contained in Paragraph 246 of Plaintiff's Complaint and specifically denies any "false representations" or "omissions."  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

247.    Pfizer denies the allegations contained in Paragraph 247 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Pfizer further states that the potential effects of Bextra® were

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

248.    Pfizer denies the allegations contained in Paragraph 248 of Plaintiff's Complaint. Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

249.    Pfizer denies the allegations contained in Paragraph 249 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

250.    Pfizer denies the allegations contained in Paragraph 250 of Plaintiff's Complaint.

251.    Pfizer denies the allegations contained in Paragraph 251 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

252.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 25</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 25 of the Complaint. To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 25.

253.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 252 as though fully rewritten herein.

254.    Pfizer denies the allegations contained in Paragraph 254 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

255.    Pfizer denies the allegations contained in Paragraph 255 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

256.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

257.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 26

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 26 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 26.

258.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 257 as though fully rewritten herein.

259.    Pfizer denies the allegations contained in Paragraph 259 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

260.    Pfizer denies the allegations contained in Paragraph 260 of Plaintiff's Complaint.

261.    Pfizer denies the allegations contained in Paragraph 261 of Plaintiff's Complaint, specifically denies that Bextra® caused injury to Plaintiff's decedent and that Bextra® was or is "unreasonably dangerous.".  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

262.    Pfizer denies the allegations contained in Paragraph 262 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

263.    Pfizer denies the allegations contained in Paragraph 263 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

264.     Pfizer denies the allegations contained in Paragraph 264 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

265.     Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 27

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 27 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 27.

266.     Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 265 as though fully rewritten herein.

267.     Pfizer denies the allegations contained in Paragraph 267 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

268.     Pfizer denies the allegations contained in Paragraph 268 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

269.     Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

270.     Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 28

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 28 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 28.

271.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 270 as though fully rewritten herein.

272.    Pfizer admits that Bextra® was approved by the FDA for the following indications: (1) for the relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; and (3) for the treatment of primary dysmenorrhea. Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer denies all remaining or inconsistent allegations contained in Paragraph 272 of Plaintiff's Complaint.

273.    Pfizer denies the allegations contained in Paragraph 273 of Plaintiff's Complaint.

274.    Pfizer denies the allegations contained in Paragraph 274 of Plaintiff's Complaint. Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

275.    Pfizer denies the allegations contained in Paragraph 275 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

276.    Pfizer denies the allegations contained in Paragraph 276 of Plaintiff's Complaint, specifically denies that Bextra® caused injury to Plaintiff's decedent and that Bextra® was or is "defective."

277.    Pfizer denies the allegations contained in Paragraph 277 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

278.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 29

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in

Count 29 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 29.

279.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 278 as though fully rewritten herein.

280.    Pfizer denies the allegations contained in Paragraph 280 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent and that Bextra® was or is "defective."

281.    Pfizer denies the allegations contained in Paragraph 281 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

282.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

283.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

### ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 30

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 30 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 30.

284.    Pfizer incorporates each and every admission and denial set forth in paragraph 1 through 283 as if fully rewritten herein.

285.    Pfizer denies the allegations contained in Paragraph 285 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

286.    Pfizer denies the allegations contained in Paragraph 286 of Plaintiff's Complaint.  Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-

approved prescribing information. Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

287.    Pfizer denies the allegations contained in Paragraph 287 of Plaintiff's Complaint. Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

288.    Pfizer denies the allegations contained in Paragraph 288 of Plaintiff's Complaint, including subparts (A) through (E). Pfizer states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Pfizer further states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

289.    Pfizer denies the allegations contained in Paragraph 289 of Plaintiff's Complaint and specifically denies any "misrepresentations and omissions." Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

290.    Pfizer denies the allegations contained in Paragraph 290 of Plaintiff's Complaint and specifically denies any "misrepresentations" or "active concealment." Pfizer states that the potential effects of Bextra® were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

291.    Pfizer denies the allegations contained in Paragraph 291 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

292.    Pfizer denies the allegations contained in Paragraph 292 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

293.    Pfizer denies the allegations contained in Paragraph 293 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

294.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 31</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 31 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 31.

295.    Pfizer incorporates each and every admission and denial set forth in Paragraphs 1 through 294 as though fully rewritten herein.

296.    Pfizer denies the allegations contained in Paragraph 296 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

297.    Pfizer denies the allegations contained in Paragraph 297 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

298.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

299.    Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recovery.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 32</u>

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in

Count 32 of the Complaint. To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 32.

300.    The allegations contained in Paragraph 300 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 300 of Plaintiff's Complaint.

301.    The allegations contained in Paragraph 301 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 301 of Plaintiff's Complaint.

302.    The allegations contained in Paragraph 302 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 302 of Plaintiff's Complaint.

303.    The allegations contained in Paragraph 303 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 303 of Plaintiff's Complaint.

304.    The allegations contained in Paragraph 304 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 304 of Plaintiff's Complaint.

305.    The allegations contained in Paragraph 305 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 305 of Plaintiff's Complaint.

306.    The allegations contained in Paragraph 306 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required. To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 306 of Plaintiff's Complaint.

307.    The allegations contained in Paragraph 307 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 307 of Plaintiff's Complaint.

308.    The allegations contained in Paragraph 308 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 308 of Plaintiff's Complaint.

309.    The allegations contained in Paragraph 309 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 309 of Plaintiff's Complaint.

310.    The allegations contained in Paragraph 310 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 310 of Plaintiff's Complaint.

311.    The allegations contained in Paragraph 311 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 311 of Plaintiff's Complaint.

312.    The allegations contained in Paragraph 312 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 312 of Plaintiff's Complaint.

313.    The allegations contained in Paragraph 313 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 313 of Plaintiff's Complaint.

314.    The allegations contained in Paragraph 314 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 314 of Plaintiff's Complaint.

315.    The allegations contained in Paragraph 315 of Plaintiff's Complaint, including subparts (A) through (G), are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 315 of Plaintiff's Complaint.

316.    The allegations contained in Paragraph 316 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 316 of Plaintiff's Complaint.

317.    The allegations contained in Paragraph 317 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 317 of Plaintiff's Complaint.

318.    The allegations contained in Paragraph 318 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 318 of Plaintiff's Complaint.

319.    The allegations contained in Paragraph 319 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 319 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 33</u>

The relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 33 is not directed to Pfizer and therefore no response is required.  To the

extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 33.

320.    The allegations contained in Paragraph 320 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 320 of Plaintiff's Complaint.

321.    The allegations contained in Paragraph 321 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 321 of Plaintiff's Complaint.

322.    The allegations contained in Paragraph 322 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 322 of Plaintiff's Complaint.

323.    The allegations contained in Paragraph 323 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 323 of Plaintiff's Complaint.

324.    The allegations contained in Paragraph 324 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 324 of Plaintiff's Complaint.

325.    The allegations contained in Paragraph 325 of Plaintiff's Complaint are not directed to Pfizer and therefore no response is required.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in Paragraph 325 of Plaintiff's Complaint.

<u>ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 34</u>

The relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 34 is not directed to Pfizer and therefore no response is required.  To the

extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 34.

326.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 326 of Plaintiff's Complaint, and therefore denies same.

327.    Pfizer lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 327 of Plaintiff's Complaint, and therefore denies same.

328.    Pfizer denies the allegations contained in Paragraph 328 of Plaintiff's Complaint and specifically denies that Bextra® caused injury to Plaintiff's decedent.

ANSWER TO UNNUMBERED WHEREFORE PARAGRAPH IN COUNT 35

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the prayer for relief in the first unnumbered "wherefore" paragraph in Count 35 of the Complaint.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the unnumbered "wherefore" paragraph in Count 35.

ANSWER TO UNNUMBERED PRAYER FOR RELIEF AS TO ALL COUNTS

Pfizer denies that there is any legal or factual basis which entitles Plaintiff to recover any of the relief requested in the unnumbered prayer for relief.  To the extent a response is deemed necessary, Pfizer denies the allegations contained in the prayer for relief, including subparts (a) through (e).

**ADDITIONAL DEFENSES**

By asserting the following affirmative defenses, Pfizer does not allege or admit it has the burden of proof and/or the burden of persuasion with respect to any of these matters:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3.      The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

4.      The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

5.      The claims asserted in the Complaint are barred in whole or in part by the "learned intermediary" doctrine.

6.      If Plaintiff's decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or intervening conduct of persons other than Pfizer, and for whose conduct Pfizer is not responsible, or with whom Pfizer has no legal relation or legal duty to control.

7.      If Plaintiff's decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the negligence of Plaintiff's decedent in failing to exercise due and proper care under the existing circumstances and conditions, and her damages, if any, are barred or reduced by the doctrines of contributory or comparative negligence.

8.      If Plaintiff's decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by the unforeseeable alterations, improper

handling, or other unforeseeable misuse of Bextra® by persons other than Pfizer or persons acting on its behalf.

9.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

10.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

11.      Plaintiff's claims are barred because his decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff's decedent, and were independent of or far removed from Pfizer's conduct.

12.      If Plaintiff or Plaintiff's decedent sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by unforeseeable idiosyncratic reactions of Plaintiff's decedent.

13.      Plaintiff's claims are barred by the doctrines contained in the Restatement (Second) Torts §402(A), Comment j, Restatement (Second) Torts §402(A), Comment k, and/or Restatement (Third) of Torts:  Products Liability §§ 4 *et. seq.* and 6.

14.      The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff's decedent.

15.      To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Pfizer's rights under the United States Constitution.

16.     The claims asserted in the Complaint are barred, in whole or in part, because neither Plaintiff nor Plaintiff's decedent incurred any ascertainable loss as a result of Pfizer's conduct.

17.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

18.     The claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Bextra® was not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

19.     The claims must be dismissed because Plaintiff's decedent would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

20.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

21.     Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

22.     The claims asserted in the Complaint are barred, in whole or in part, because Pfizer did not violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, and/or this Act is not applicable to this matter and/or to this Plaintiff.

23.     Plaintiff's damages, if any, are limited by the failure to mitigate by Plaintiff.

24.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

25.     The liability of Pfizer, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Pfizer seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

26.     Pfizer is entitled to credit for any settlement of claims for alleged injuries and damages made by Plaintiff with any other defendant or other person or entity.

27.     Plaintiff's claims are preempted by federal law and regulations, including but not limited to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §301 *et. seq.,* the regulations promulgated thereunder, and the United States Constitution, Article IV, clause 2.

28.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

29.     The claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

30.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated thereunder, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to

implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing

regulations, and with the specific determinations by FDA specifying the language that should be

used in the labeling accompanying Bextra®. Accordingly, Plaintiff's claims are preempted by

the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

United States.

31.    If Plaintiff's decedent sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily,

and willfully assumed the risk of any injury as the result of the consumption of, administration

of, or exposure to any drug or pharmaceutical preparation sold by Pfizer or other sellers.

32.    If Plaintiff's decedent sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Pfizer and over whom Pfizer

had no control and for whom Pfizer may not be held accountable.

33.    Plaintiff's claims are barred in whole or in part because Bextra® "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement

(Third) of Torts: Product Liability.

34.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and

satisfaction.

35.    Pfizer reserve the right to assert any additional defense which might come to its

attention or might be developed during the pendency of this action.

36.    Plaintiff's claims are barred in whole or part because they have been filed in an

improper venue.

**JURY DEMAND**

Pfizer hereby demands a jury trial on all issues so triable in this action.

Dated:  December 18, 2006          By:     /s/ Robert H. Shultz, Jr.
                                        HEYL, ROYSTER, VOELKER & ALLEN
                                        Robert H. Shultz, Jr. - #03122739
                                        103 West Vandalia Street, Suite 100
                                        Edwardsville, Illinois  62025
                                        (618) 656-4646
                                        **Attorneys for Pfizer Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that on **December 18, 2006**, I electronically filed the foregoing document with the Clerk of the Court of the Southern District of Illinois using the CM/ECF system, which will send notification of such filing to the following:

**Aaron K. Dickey -** Aaron@gmhalaw.com
**Stephen G. Strauss -** sgstrauss@bryancave.com
**Randy J. Soriano -** rjsoriano@bryancave.com

         /s/ Robert H. Shultz, Jr.
        HEYL, ROYSTER, VOELKER & ALLEN