**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

WILBURN WILLIAMSON,
*Individually and as Special Administrator*
*of the Estate of* PAULINE GALE,

        Plaintiff,

v.

MERCK & CO., *also d/b/a* MERCK,
SHARP AND DOHME, *and d/b/a* MSD
SHARP & DOHME GmbH, PFIZER, INC.
*and* EDWARDSVILLE HEALTH CARE
CENTER INVESTORS, L.L.C. *d/b/a*
*University Nursing & Rehabilitation Center*,

        Defendants.

Case No. 06-1023-MJR-PMF

**DEFENDANT DEMANDS**
**TRIAL BY JURY**

## DEFENDANT, EDWARDSVILLE HEALTH CARE INVESTORS, L.L.C.'S, ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

COMES NOW Defendant, EDWARDSVILLE HEALTH CARE CENTER INVESTORS, L.L.C. *d/b/a University Nursing & Rehabilitation Center* (hereinafter "Defendant"), by and through its attorneys, Becker, Paulson, Hoerner & Thompson, P.C., and for its Answer, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint, states the following:

### THE PARTIES AS TO VIOXX

1.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 1 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

2.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 2 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

2 [sic]. Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 2 [sic] of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.[1]

3.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 3 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

### DISCOVERY RULE AND FRAUDULENT CONCEALMENT

5 [sic]. Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 5 [sic] of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

6.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 6 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

7.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 7 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

---

[1] Plaintiff's complaint includes two paragraphs numbered "2." For consistency, the numbering of the paragraphs in Plaintiff's complaint is repeated here and elsewhere throughout this Answer.

8. Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 8 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

9. Paragraph 9 of Plaintiff's complaint contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 9 of Plaintiff's complaint, and demands strict proof thereof.

10. Paragraph 10 of Plaintiff's complaint contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 10 of Plaintiff's complaint, and demands strict proof thereof.

## INTRODUCTION

11. Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 11 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

12. Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 12 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

13. Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 13 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

14.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 14 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

15.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 15 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

16.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 16 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

17.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 17 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

18.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 18 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

19.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 19 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

### FACTS – VIOXX'S PRE-APPROVAL

20.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 20 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

21.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 21 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

22.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 22 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## FACTS – VIOXX'S POST-APPROVAL

23.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 23 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

24.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 24 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

25.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 25 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

26.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 26 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

27.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 27 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

28.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 28 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

29.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 29 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

30.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 30 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

31.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 31 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

32.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 32 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

33.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 33 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

34.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 34 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

35.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 35 of Plaintiff's

complaint, including subparagraphs a., b., c., d., e., f. and g. thereunder, and on that basis denies the same and demands strict proof thereof.

36.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 36 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

37.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 37 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

38.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 38 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

39.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 39 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

40.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 40 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

41.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 41 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

42.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 42 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

43.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 43 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

44.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 44 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

45.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 45 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

46.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 46 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

47.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 47 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

48.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 48 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

49.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 49 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

50.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 50 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

51.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 51 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

52.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 52 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

53.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 53 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

54.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 54 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

55.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 55 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

56.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 56 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## SUMMARY

57.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 57 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

58.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 58 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

59.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 59 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

60.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 60 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

61.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 61 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

62.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 62 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## COUNT 1 – COMMON LAW STRICT LIABILITY

## AGAINST MERCK

### (Wrongful Death Act)

63.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 62 of this Answer, as and for its response to ¶ 63 of Plaintiff's complaint, as though fully set forth herein.

64.     The allegations set forth in ¶ 64 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 64 of Plaintiff's complaint, and demands strict proof thereof.

65.     The allegations set forth in ¶ 65 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 65 of Plaintiff's complaint, and demands strict proof thereof.

66.     The allegations set forth in ¶ 66 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 66 of Plaintiff's complaint, and demands strict proof thereof.

67.     The allegations set forth in ¶ 67 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 67 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 2 - COMMON LAW STRICT LIABILITY

## AGAINST MERCK

### (Survival Act)

68.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 67 of this Answer, as and for its response to ¶ 68 of Plaintiff's complaint, as though fully set forth herein.

69.     The allegations set forth in ¶ 69 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 69 of Plaintiff's complaint, and demands strict proof thereof.

70.     The allegations set forth in ¶ 70 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 70 of Plaintiff's complaint, and demands strict proof thereof.

71.     The allegations set forth in ¶ 71 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 71 of Plaintiff's complaint, and demands strict proof thereof.

72.     The allegations set forth in ¶ 72 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 72 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 3 - NEGLIGENCE

## AGAINST MERCK

### (Wrongful Death Act)

73.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 72 of this Answer, as and for its response to ¶ 73 of Plaintiff's complaint, as though fully set forth herein.

74.     The allegations set forth in ¶ 74 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 74 of Plaintiff's complaint, and demands strict proof thereof.

75.     The allegations set forth in ¶ 75 of Plaintiff's complaint, including subparagraphs a., b., c., d., e., f., g., h., i., j., k., l., m., n., o. and p., are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 75 of Plaintiff's complaint, including subparagraphs a., b., c., d., e., f., g., h., i., j., k., l., m., n., o. and p., and demands strict proof thereof.

76.     The allegations set forth in ¶ 76 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 76 of Plaintiff's complaint, and demands strict proof thereof.

77.     The allegations set forth in ¶ 77 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 77 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 4 - NEGLIGENCE AND GROSS NEGLIGENCE AGAINST MERCK

### (Survival Act)

78.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 77 of this Answer, as and for its response to ¶ 78 of Plaintiff's complaint, as though fully set forth herein.

79.     The allegations set forth in ¶ 79 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 79 of Plaintiff's complaint, and demands strict proof thereof.

80.     The allegations set forth in ¶ 80 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 80 of Plaintiff's complaint, and demands strict proof thereof.

81.     The allegations set forth in ¶ 81 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 81 of Plaintiff's complaint, and demands strict proof thereof.

82.     The allegations set forth in ¶ 82 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 82 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 5 - NEGLIGENCE –SALE OF PRODUCT

## AGAINST MERCK

### (Wrongful Death Act)

83.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 82 of this Answer, as and for its response to ¶ 83 of Plaintiff's complaint, as though fully set forth herein.

84.     The allegations set forth in ¶ 84 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 84 of Plaintiff's complaint, and demands strict proof thereof.

85.     The allegations set forth in ¶ 85 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 85 of Plaintiff's complaint, and demands strict proof thereof.

86.     The allegations set forth in ¶ 86 of Plaintiff's complaint, including subparagraphs a., b., c., d., e. and f., are not directed to Defendant and, therefore, no response is required.   To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 86 of Plaintiff's complaint, including subparagraphs a., b., c., d., e. and f., and demands strict proof thereof.

87.     The allegations set forth in ¶ 87 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.   To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 87 of Plaintiff's complaint, and demands strict proof thereof.

88.     The allegations set forth in ¶ 88 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.   To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 88 of Plaintiff's complaint, and demands strict proof thereof.

89.     The allegations set forth in ¶ 89 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.   To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 89 of Plaintiff's complaint, and demands strict proof thereof.

90.     The allegations set forth in ¶ 90 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.   To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 90 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 6 - NEGLIGENCE – SALE OF PRODUCT

## AGAINST MERCK

### (Survival Act)

91.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 90 of this Answer, as and for its response to ¶ 91 of Plaintiff's complaint, as though fully set forth herein.

92.     The allegations set forth in ¶ 92 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 92 of Plaintiff's complaint, and demands strict proof thereof.

93.     The allegations set forth in ¶ 93 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 93 of Plaintiff's complaint, and demands strict proof thereof.

94.     The allegations set forth in ¶ 94 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 94 of Plaintiff's complaint, and demands strict proof thereof.

95.     The allegations set forth in ¶ 95 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 95 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 7 - BREACH OF WARRANTY (EXPRESS and IMPLIED)

## AGAINST MERCK

### (Wrongful Death Act)

96.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 95 of this Answer, as and for its response to ¶ 96 of Plaintiff's complaint, as though fully set forth herein.

97.     The allegations set forth in ¶ 97 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 97 of Plaintiff's complaint, and demands strict proof thereof.

98.     The allegations set forth in ¶ 98 of Plaintiff's complaint, including subparagraphs a., b., c., d., e. and f., are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 98 of Plaintiff's complaint, including subparagraphs a., b., c., d., e. and f., and demands strict proof thereof.

99.     The allegations set forth in ¶ 99 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 99 of Plaintiff's complaint, and demands strict proof thereof.

100.    The allegations set forth in ¶ 100 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 100 of Plaintiff's complaint, and demands strict proof thereof.

101.    The allegations set forth in ¶ 101 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 101 of Plaintiff's complaint, and demands strict proof thereof.

102.    The allegations set forth in ¶ 102 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 102 of Plaintiff's complaint, and demands strict proof thereof.

103.    The allegations set forth in ¶ 103 of Plaintiff's complaint, including subparagraphs a., b. and c., are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 103 of Plaintiff's complaint, including subparagraphs a., b. and c., and demands strict proof thereof.

104.    The allegations set forth in ¶ 104 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 104 of Plaintiff's complaint, and demands strict proof thereof.

105.    The allegations set forth in ¶ 105 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 105 of Plaintiff's complaint, and demands strict proof thereof.

106.    The allegations set forth in ¶ 106 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 106 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 8 - BREACH OF WARRANTIES (EXPRESS AND IMPLIED) AGAINST MERCK

### (Survival Act)

107.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 106 of this Answer, as and for its response to ¶ 107 of Plaintiff's complaint, as though fully set forth herein.

108.    The allegations set forth in ¶ 108 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 108 of Plaintiff's complaint, and demands strict proof thereof.

109.    The allegations set forth in ¶ 109 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 109 of Plaintiff's complaint, and demands strict proof thereof.

110.    The allegations set forth in ¶ 110 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 110 of Plaintiff's complaint, and demands strict proof thereof.

111.    The allegations set forth in ¶ 111 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 111 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 9 -COMMON LAW FRAUD

### AGAINST MERCK

**(Wrongful Death Act)**

112.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 111 of this Answer, as and for its response to ¶ 112 of Plaintiff's complaint, as though fully set forth herein.

113.    The allegations set forth in ¶ 113 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 113 of Plaintiff's complaint, and demands strict proof thereof.

114.    The allegations set forth in ¶ 114 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 114 of Plaintiff's complaint, and demands strict proof thereof.

115.    The allegations set forth in ¶ 115 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 115 of Plaintiff's complaint, and demands strict proof thereof.

116.    The allegations set forth in ¶ 116 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 116 of Plaintiff's complaint, and demands strict proof thereof.

117.    The allegations set forth in ¶ 117 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 117 of Plaintiff's complaint, and demands strict proof thereof.

118.    The allegations set forth in ¶ 118 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 118 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## <u>COUNT 10 -COMMON LAW FRAUD</u>

## <u>AGAINST MERCK</u>

### (Survival Act)

119.     Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 118 of this Answer, as and for its response to ¶ 119 of Plaintiff's complaint, as though fully set forth herein.

120.     The allegations set forth in ¶ 120 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 120 of Plaintiff's complaint, and demands strict proof thereof.

121.     The allegations set forth in ¶ 121 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 121 of Plaintiff's complaint, and demands strict proof thereof.

122.     The allegations set forth in ¶ 122 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 122 of Plaintiff's complaint, and demands strict proof thereof.

123.     The allegations set forth in ¶ 123 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 123 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 11 - NEGLIGENT MISREPRESENTATION

## AGAINST MERCK

### (Wrongful Death Act)

124.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 123 of this Answer, as and for its response to ¶ 124 of Plaintiff's complaint, as though fully set forth herein.

125.    The allegations set forth in ¶ 125 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 125 of Plaintiff's complaint, and demands strict proof thereof.

126.    The allegations set forth in ¶ 126 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 126 of Plaintiff's complaint, and demands strict proof thereof.

127.    The allegations set forth in ¶ 127 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 127 of Plaintiff's complaint, and demands strict proof thereof.

128.    The allegations set forth in ¶ 128 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 128 of Plaintiff's complaint, and demands strict proof thereof.

129.    The allegations set forth in ¶ 129 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 129 of Plaintiff's complaint, and demands strict proof thereof.

130.    The allegations set forth in ¶ 130 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 130 of Plaintiff's complaint, and demands strict proof thereof.

131.    The allegations set forth in ¶ 131 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 131 of Plaintiff's complaint, and demands strict proof thereof.

132.    The allegations set forth in ¶ 132 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 132 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 12 - NEGLIGENT MISREPRESENTATION

## AGAINST MERCK

### (Survival Act)

133.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 132 of this Answer, as and for its response to ¶ 133 of Plaintiff's complaint, as though fully set forth herein.

134.    The allegations set forth in ¶ 134 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 134 of Plaintiff's complaint, and demands strict proof thereof.

135.    The allegations set forth in ¶ 135 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 135 of Plaintiff's complaint, and demands strict proof thereof.

136.    The allegations set forth in ¶ 136 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 136 of Plaintiff's complaint, and demands strict proof thereof.

137.    The allegations set forth in ¶ 137 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 137 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 13 - DECEPTIVE TRADE PRACTICES ACT

## AGAINST MERCK

### (Wrongful Death Act)

138.   Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 137 of this Answer, as and for its response to ¶ 138 of Plaintiff's complaint, as though fully set forth herein.

139.   The allegations set forth in ¶ 139 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 139 of Plaintiff's complaint, and demands strict proof thereof.

140.   The allegations set forth in ¶ 140 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 140 of Plaintiff's complaint, and demands strict proof thereof.

141.   The allegations set forth in ¶ 141 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 141 of Plaintiff's complaint, and demands strict proof thereof.

142.   The allegations set forth in ¶ 142 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 142 of Plaintiff's complaint, and demands strict proof thereof.

143.    The allegations set forth in ¶ 143 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 143 of Plaintiff's complaint, and demands strict proof thereof.

144.    The allegations set forth in ¶ 144 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 144 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 14 - DECEPTIVE TRADE PRACTICES ACT

## AGAINST MERCK

### (Survival Act)

145.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 144 of this Answer, as and for its response to ¶ 145 of Plaintiff's complaint, as though fully set forth herein.

146.    The allegations set forth in ¶ 146 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 146 of Plaintiff's complaint, and demands strict proof thereof.

147.    The allegations set forth in ¶ 147 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 147 of Plaintiff's complaint, and demands strict proof thereof.

148.    The allegations set forth in ¶ 148 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 148 of Plaintiff's complaint, and demands strict proof thereof.

149.    The allegations set forth in ¶ 149 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 149 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## THE PARTIES AS TO BEXTRA (PFIZER)

150.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 150 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

151.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 151 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## DISCOVERY RULE AND FRAUDULENT CONCEALMENT

152.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 152 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

153.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 153 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

154.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 154 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

155.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 155 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

156.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 156 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## JURISDICTION AND VENUE

157.    Paragraph 157 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 157 of Plaintiff's complaint, and demands strict proof thereof.

158.    Paragraph 158 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant

denies the allegations contained in ¶ 158 of Plaintiff's complaint, and demands strict proof thereof.

## ALLEGATIONS AS TO BEXTRA

### BACKGROUND - BEXTRA

159.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 159 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

160.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 160 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

161.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 161 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

162.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 162 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

163.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 163 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

164.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 164 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

165.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 165 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

166.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 166 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

167.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 167 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

168.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 168 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

## COUNT 15 - STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN

## AGAINST BEXTRA

### (Wrongful Death)

169.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 168 of this Answer, as and for its response to ¶ 169 of Plaintiff's complaint, as though fully set forth herein.

170.    The allegations set forth in ¶ 170 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 170 of Plaintiff's complaint, and demands strict proof thereof.

171.    The allegations set forth in ¶ 171 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 171 of Plaintiff's complaint, and demands strict proof thereof.

172.    The allegations set forth in ¶ 172 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 172 of Plaintiff's complaint, and demands strict proof thereof.

173.    The allegations set forth in ¶ 173 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 173 of Plaintiff's complaint, and demands strict proof thereof.

174.    The allegations set forth in ¶ 174 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 174 of Plaintiff's complaint, and demands strict proof thereof.

175.    The allegations set forth in ¶ 175 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 175 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 16 - STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN

## AGAINST BEXTRA

### (Survival Act)

176.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 175 of this Answer, as and for its response to ¶ 176 of Plaintiff's complaint, as though fully set forth herein.

177.    The allegations set forth in ¶ 177 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 177 of Plaintiff's complaint, and demands strict proof thereof.

178.    The allegations set forth in ¶ 178 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 178 of Plaintiff's complaint, and demands strict proof thereof.

179.    The allegations set forth in ¶ 179 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 179 of Plaintiff's complaint, and demands strict proof thereof.

180.    The allegations set forth in ¶ 180 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 180 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 17 - STRICT PRODUCTS LIABILITY/FAILURE TO WARN

## AGAINST BEXTRA

### (Wrongful Death)

181.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 180 of this Answer, as and for its response to ¶ 181 of Plaintiff's complaint, as though fully set forth herein.

182.    The allegations set forth in ¶ 182 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 182 of Plaintiff's complaint, and demands strict proof thereof.

183.    The allegations set forth in ¶ 183 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 183 of Plaintiff's complaint, and demands strict proof thereof.

184.    The allegations set forth in ¶ 184 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 184 of Plaintiff's complaint, and demands strict proof thereof.

185.    The allegations set forth in ¶ 185 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 185 of Plaintiff's complaint, and demands strict proof thereof.

186.    The allegations set forth in ¶ 186 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 186 of Plaintiff's complaint, and demands strict proof thereof.

187.    The allegations set forth in ¶ 187 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 187 of Plaintiff's complaint, and demands strict proof thereof.

188.    The allegations set forth in ¶ 188 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 188 of Plaintiff's complaint, and demands strict proof thereof.

189.    The allegations set forth in ¶ 189 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 189 of Plaintiff's complaint, and demands strict proof thereof.

190.    The allegations set forth in ¶ 190 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 190 of Plaintiff's complaint, and demands strict proof thereof.

191.    The allegations set forth in ¶ 191 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 191 of Plaintiff's complaint, and demands strict proof thereof.

192.    The allegations set forth in ¶ 192 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 192 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 18 - STRICT PRODUCTS LIABILITY/FAILURE TO WARN

## AGAINST BEXTRA

### (Survival Act)

193.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 192 of this Answer, as and for its response to ¶ 193 of Plaintiff's complaint, as though fully set forth herein.

194.    The allegations set forth in ¶ 194 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 194 of Plaintiff's complaint, and demands strict proof thereof.

195.    The allegations set forth in ¶ 195 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 195 of Plaintiff's complaint, and demands strict proof thereof.

196.    The allegations set forth in ¶ 196 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 196 of Plaintiff's complaint, and demands strict proof thereof.

197.    The allegations set forth in ¶ 197 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 197 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 19 - NEGLIGENT DESIGN

## AGAINST BEXTRA

### (Wrongful Death)

198.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 197 of this Answer, as and for its response to ¶ 198 of Plaintiff's complaint, as though fully set forth herein.

199.    The allegations set forth in ¶ 199 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 199 of Plaintiff's complaint, and demands strict proof thereof.

200.    The allegations set forth in ¶ 200 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 200 of Plaintiff's complaint, and demands strict proof thereof.

201.    The allegations set forth in ¶ 201 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 201 of Plaintiff's complaint, and demands strict proof thereof.

202.    The allegations set forth in ¶ 202 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 202 of Plaintiff's complaint, and demands strict proof thereof.

203.    The allegations set forth in ¶ 203 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 203 of Plaintiff's complaint, and demands strict proof thereof.

204.    The allegations set forth in ¶ 204 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 204 of Plaintiff's complaint, and demands strict proof thereof.

205.    The allegations set forth in ¶ 205 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 205 of Plaintiff's complaint, and demands strict proof thereof.

206.    The allegations set forth in ¶ 206 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 206 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 20 - STRICT PRODUCTS LIABILITY/NEGLIGENT DESIGN AGAINST BEXTRA

### (Survival Act)

207.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 206 of this Answer, as and for its response to ¶ 207 of Plaintiff's complaint, as though fully set forth herein.

208.    The allegations set forth in ¶ 208 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 208 of Plaintiff's complaint, and demands strict proof thereof.

209.    The allegations set forth in ¶ 209 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 209 of Plaintiff's complaint, and demands strict proof thereof.

210.    The allegations set forth in ¶ 210 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 210 of Plaintiff's complaint, and demands strict proof thereof.

211.    The allegations set forth in ¶ 211 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 211 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 21 - NEGLIGENT FAILURE TO WARN

## AGAINST BEXTRA

### (Wrongful Death)

212.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 211 of this Answer, as and for its response to ¶ 212 of Plaintiff's complaint, as though fully set forth herein.

213.    The allegations set forth in ¶ 213 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 213 of Plaintiff's complaint, and demands strict proof thereof.

214.    The allegations set forth in ¶ 214 of Plaintiff's complaint, including subparagraphs A., B., C., D. and E., are not directed to Defendant and, therefore, no

response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 214 of Plaintiff's complaint, including subparagraphs A., B., C., D. and E., and demands strict proof thereof.

215.    The allegations set forth in ¶ 215 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 215 of Plaintiff's complaint, and demands strict proof thereof.

216.    The allegations set forth in ¶ 216 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 216 of Plaintiff's complaint, and demands strict proof thereof.

217.    The allegations set forth in ¶ 217 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 217 of Plaintiff's complaint, and demands strict proof thereof.

218.    The allegations set forth in ¶ 218 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 218 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 22 - NEGLIGENT FAILURE TO WARN

## AGAINST BEXTRA

### (Survival Act)

219.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 218 of this Answer, as and for its response to ¶ 219 of Plaintiff's complaint, as though fully set forth herein.

220.    The allegations set forth in ¶ 220 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 220 of Plaintiff's complaint, and demands strict proof thereof.

221.    The allegations set forth in ¶ 221 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 221 of Plaintiff's complaint, and demands strict proof thereof.

222.    The allegations set forth in ¶ 222 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 222 of Plaintiff's complaint, and demands strict proof thereof.

223.    The allegations set forth in ¶ 223 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 223 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 23 - FRAUDULENT CONCEALMENT

## AGAINST BEXTRA

## (Wrongful Death)

224.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 223 of this Answer, as and for its response to ¶ 224 of Plaintiff's complaint, as though fully set forth herein.

225.    The allegations set forth in ¶ 225 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 225 of Plaintiff's complaint, and demands strict proof thereof.

226.    The allegations set forth in ¶ 226 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 226 of Plaintiff's complaint, and demands strict proof thereof.

227.    The allegations set forth in ¶ 227 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 227 of Plaintiff's complaint, and demands strict proof thereof.

228.    The allegations set forth in ¶ 228 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 228 of Plaintiff's complaint, and demands strict proof thereof.

229.    The allegations set forth in ¶ 229 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 229 of Plaintiff's complaint, and demands strict proof thereof.

230.    The allegations set forth in ¶ 230 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 230 of Plaintiff's complaint, and demands strict proof thereof.

231.    The allegations set forth in ¶ 231 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 231 of Plaintiff's complaint, and demands strict proof thereof.

232.    The allegations set forth in ¶ 232 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 232 of Plaintiff's complaint, and demands strict proof thereof.

233.    The allegations set forth in ¶ 233 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 233 of Plaintiff's complaint, and demands strict proof thereof.

234.    The allegations set forth in ¶ 234 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 234 of Plaintiff's complaint, and demands strict proof thereof.

235.    The allegations set forth in ¶ 235 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 235 of Plaintiff's complaint, and demands strict proof thereof.

236.    The allegations set forth in ¶ 236 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 236 of Plaintiff's complaint, and demands strict proof thereof.

237.    The allegations set forth in ¶ 237 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 237 of Plaintiff's complaint, and demands strict proof thereof.

238.    The allegations set forth in ¶ 238 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 238 of Plaintiff's complaint, and demands strict proof thereof.

239.    The allegations set forth in ¶ 239 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 239 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 24 -FRAUDULENT CONCEALMENT

## AGAINST BEXTRA

### (Survival Act)

240.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 239 of this Answer, as and for its response to ¶ 240 of Plaintiff's complaint, as though fully set forth herein.

241.    The allegations set forth in ¶ 241 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 241 of Plaintiff's complaint, and demands strict proof thereof.

242.    The allegations set forth in ¶ 242 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 242 of Plaintiff's complaint, and demands strict proof thereof.

243.    The allegations set forth in ¶ 243 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 243 of Plaintiff's complaint, and demands strict proof thereof.

244.    The allegations set forth in ¶ 244 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 244 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 25 -COMMON LAW FRAUD

## AGAINST BEXTRA

### (Wrongful Death)

245.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 244 of this Answer, as and for its response to ¶ 245 of Plaintiff's complaint, as though fully set forth herein.

246.    The allegations set forth in ¶ 246 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 246 of Plaintiff's complaint, and demands strict proof thereof.

247.    The allegations set forth in ¶ 247 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 247 of Plaintiff's complaint, and demands strict proof thereof.

248.    The allegations set forth in ¶ 248 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 248 of Plaintiff's complaint, and demands strict proof thereof.

249.    The allegations set forth in ¶ 249 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 249 of Plaintiff's complaint, and demands strict proof thereof.

250.    The allegations set forth in ¶ 250 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 250 of Plaintiff's complaint, and demands strict proof thereof.

251.    The allegations set forth in ¶ 251 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 251 of Plaintiff's complaint, and demands strict proof thereof.

252.    The allegations set forth in ¶ 252 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 252 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 26 - COMMON LAW FRAUD

## AGAINST BEXTRA

### (Survival Act)

253. Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 252 of this Answer, as and for its response to ¶ 253 of Plaintiff's complaint, as though fully set forth herein.

254. The allegations set forth in ¶ 254 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required. To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 254 of Plaintiff's complaint, and demands strict proof thereof.

255. The allegations set forth in ¶ 255 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required. To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 255 of Plaintiff's complaint, and demands strict proof thereof.

256. The allegations set forth in ¶ 256 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required. To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 256 of Plaintiff's complaint, and demands strict proof thereof.

257. The allegations set forth in ¶ 257 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required. To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 257 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 27 -BREACH OF IMPLIED WARRANTY

## AGAINST BEXTRA

### (Wrongful Death)

258.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 257 of this Answer, as and for its response to ¶ 258 of Plaintiff's complaint, as though fully set forth herein.

259.    The allegations set forth in ¶ 259 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 259 of Plaintiff's complaint, and demands strict proof thereof.

260.    The allegations set forth in ¶ 260 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 260 of Plaintiff's complaint, and demands strict proof thereof.

261.    The allegations set forth in ¶ 261 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 261 of Plaintiff's complaint, and demands strict proof thereof.

262.    The allegations set forth in ¶ 262 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 262 of Plaintiff's complaint, and demands strict proof thereof.

263.    The allegations set forth in ¶ 263 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 263 of Plaintiff's complaint, and demands strict proof thereof.

264.    The allegations set forth in ¶ 264 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 264 of Plaintiff's complaint, and demands strict proof thereof.

265.    The allegations set forth in ¶ 265 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 265 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 28 - BREACH OF IMPLIED WARRANTY

## AGAINST BEXTRA

### (Survival Act)

266.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 265 of this Answer, as and for its response to ¶ 266 of Plaintiff's complaint, as though fully set forth herein.

267.    The allegations set forth in ¶ 267 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 267 of Plaintiff's complaint, and demands strict proof thereof.

268.    The allegations set forth in ¶ 268 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 268 of Plaintiff's complaint, and demands strict proof thereof.

269.    The allegations set forth in ¶ 269 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 269 of Plaintiff's complaint, and demands strict proof thereof.

270.    The allegations set forth in ¶ 270 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 270 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 29 - BREACH OF EXPRESS WARRANTY

## AGAINST BEXTRA

### (Wrongful Death)

271.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 270 of this Answer, as and for its response to ¶ 271 of Plaintiff's complaint, as though fully set forth herein.

272.    The allegations set forth in ¶ 272 of Plaintiff's complaint, including subparagraphs A., B., C., D., E. and F., are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 272 of Plaintiff's complaint, including subparagraphs A., B., C., D., E. and F., and demands strict proof thereof.

273.    The allegations set forth in ¶ 273 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 273 of Plaintiff's complaint, and demands strict proof thereof.

274.    The allegations set forth in ¶ 274 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 274 of Plaintiff's complaint, and demands strict proof thereof.

275.    The allegations set forth in ¶ 275 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 275 of Plaintiff's complaint, and demands strict proof thereof.

276.    The allegations set forth in ¶ 276 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 276 of Plaintiff's complaint, and demands strict proof thereof.

277.    The allegations set forth in ¶ 277 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 277 of Plaintiff's complaint, and demands strict proof thereof.

278.    The allegations set forth in ¶ 278 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 278 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 30 - BREACH OF EXPRESS WARRANTY

## AGAINST BEXTRA

### (Survival Act)

279.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 278 of this Answer, as and for its response to ¶ 279 of Plaintiff's complaint, as though fully set forth herein.

280.    The allegations set forth in ¶ 280 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 280 of Plaintiff's complaint, and demands strict proof thereof.

281.    The allegations set forth in ¶ 281 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 281 of Plaintiff's complaint, and demands strict proof thereof.

282.    The allegations set forth in ¶ 282 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 282 of Plaintiff's complaint, and demands strict proof thereof.

283.    The allegations set forth in ¶ 283 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 283 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 31 – NEGLIGENT MISREPRESENTATION

## AGAINST CELEBREX

284.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 283 of this Answer, as and for its response to ¶ 284 of Plaintiff's complaint, as though fully set forth herein.

285.    The allegations set forth in ¶ 285 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 285 of Plaintiff's complaint, and demands strict proof thereof.

286.    The allegations set forth in ¶ 286 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 286 of Plaintiff's complaint, and demands strict proof thereof.

287.    The allegations set forth in ¶ 287 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 287 of Plaintiff's complaint, and demands strict proof thereof.

288.    The allegations set forth in ¶ 288 of Plaintiff's complaint, including subparagraphs A., B., C., D. and E., are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 288 of Plaintiff's complaint, including subparagraphs A., B., C., D. and E., and demands strict proof thereof.

289.    The allegations set forth in ¶ 289 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 289 of Plaintiff's complaint, and demands strict proof thereof.

290.    The allegations set forth in ¶ 290 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed

necessary of Defendant, Defendant denies the allegations contained in ¶ 290 of Plaintiff's complaint, and demands strict proof thereof.

291.    The allegations set forth in ¶ 291 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 291 of Plaintiff's complaint, and demands strict proof thereof.

292.    The allegations set forth in ¶ 292 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 292 of Plaintiff's complaint, and demands strict proof thereof.

293.    The allegations set forth in ¶ 293 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 293 of Plaintiff's complaint, and demands strict proof thereof.

294.    The allegations set forth in ¶ 294 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 294 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 32 - NEGLIGENT MISREPRESENTATION

## AGAINST BEXTRA

### (Survival Act)

295.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 294 of this Answer, as and for its response to ¶ 295 of Plaintiff's complaint, as though fully set forth herein.

296.    The allegations set forth in ¶ 296 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 296 of Plaintiff's complaint, and demands strict proof thereof.

297.    The allegations set forth in ¶ 297 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 297 of Plaintiff's complaint, and demands strict proof thereof.

298.    The allegations set forth in ¶ 298 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 298 of Plaintiff's complaint, and demands strict proof thereof.

299.    The allegations set forth in ¶ 299 of Plaintiff's complaint are not directed to Defendant and, therefore, no response is required.  To the extent a response is deemed necessary of Defendant, Defendant denies the allegations contained in ¶ 299 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## ALLEGATIONS AS TO NURSING HOME DEFENDANT

## EDWARDSVILLE HEALTH CARE CENTER INVESTORS, LLC

### d/b/a University Nursing & Rehabilitation Center

### COUNT 33

### (Negligence –Survival Action)

300.    Defendant admits the allegation contained in ¶ 300 of Plaintiff's complaint.

301.    Paragraph 301 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 301 of Plaintiff's complaint, and demands strict proof thereof.

302.    Defendant admits the allegation contained in ¶ 302 of Plaintiff's complaint.

303.    Paragraph 303 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 303 of Plaintiff's complaint, and demands strict proof thereof.

304.    Defendant admits the allegation contained in ¶ 304 of Plaintiff's complaint.

305.     Paragraph 305 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 305 of Plaintiff's complaint, and demands strict proof thereof.

306.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 306 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

307.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 307 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

308.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 308 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

309.     Paragraph 309 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 309 of Plaintiff's complaint, and demands strict proof thereof.

310.     Paragraph 310 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 310 of Plaintiff's complaint, and demands strict proof thereof.

311.     Paragraph 311 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant

denies the allegations contained in ¶ 311 of Plaintiff's complaint, and demands strict proof thereof.

312.    Paragraph 312 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 312 of Plaintiff's complaint, and demands strict proof thereof.

313.    Paragraph 313 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 313 of Plaintiff's complaint, and demands strict proof thereof.

314.    Paragraph 314 of Plaintiff's complaint contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in ¶ 314 of Plaintiff's complaint, and demands strict proof thereof.

315.    Defendant denies the allegations contained in ¶ 315 of Plaintiff's complaint, including subparagraphs A., B., C., D., E., F. and G. thereunder, and demands strict proof thereof.

316.    Defendant denies the allegations contained in ¶ 316 of Plaintiff's complaint, and demands strict proof thereof.

317.    Defendant asserts that the statute referenced in ¶ 317 of Plaintiff's complaint, 210 ILCS 45/3-601, speaks for itself, and that no further response is required of Defendant with respect to the allegations contained in ¶ 317 of Plaintiff's complaint.

318.    Defendant denies the allegations contained in ¶ 318 of Plaintiff's complaint, and demands strict proof thereof.

319.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 319 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 34

### (Negligence –Wrongful Death)

320.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 320 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof

321.    Defendant admits the allegation contained in ¶ 321 of Plaintiff's complaint.

322.    Defendant restates and incorporates each and every response to Plaintiff's complaint as set forth in ¶¶ 1 through 321 of this Answer, as and for its response to ¶ 322 of Plaintiff's complaint, as though fully set forth herein.

323.    Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 323 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof

324.    Defendant denies the allegations contained in paragraph ¶ 324 of Plaintiff's complaint, and demands strict proof thereof.

325.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 325 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## COUNT 35—LOSS OF CONSORTIUM

### as to Merck, Pfizer, and University Nursing and Rehab.

326.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 326 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof

327.     Defendant lacks knowledge and information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in ¶ 327 of Plaintiff's complaint, and on that basis denies the same and demands strict proof thereof

328.     Defendant denies the allegations contained in ¶ 328 of Plaintiff's complaint, and demands strict proof thereof.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

In further Answer, and by way of Affirmative Defense, Defendant asserts the following:

1. The acts and omissions of Plaintiff, and/or Merck and/or Pfizer, and not this Defendant, were the sole cause of Plaintiff's damages, if any.

2. The dangers and risk, if any, were known to the Plaintiff and were open, obvious, and apparent to the Plaintiff and the Plaintiff assumed the risk.

3. Plaintiff's damages, if any, were caused or contributed to, in whole or in part, by the negligence and/or tortious acts of persons or parties for whom Defendant had and has no responsibility, control or liability therefor.

4. The damages recovered from this Defendant should be limited to the percentage of the relative degree of fault as compared with other parties to this action, as well as other persons or entities not presently before this Court, and that such acts, omissions or fault bar recovery by Plaintiff herein or, in the alternative, if such acts, omissions or fault do not act as a complete bar, then said acts diminish Plaintiff's recovery herein in an amount based upon Plaintiff's relative degree of fault.

5. Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

6. Plaintiff is barred from recovering any damages by virtue of the fact that the dangers alleged by the Plaintiff, if any, were open and obvious.

7. Plaintiff is barred from recovery for some or all of the claims asserted against this Defendant because this Defendant did not owe any legal duty to Plaintiff; or, in the alternative, if Defendant did owe a legal duty, Defendant did not breach that duty.

8.     Any affirmative defenses pleaded by other Defendants and not pleaded by this Defendant are hereby incorporated herein to the extent they do not conflict with this Defendant's affirmative defenses.

9.     Defendant hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer and/or Affirmative Defenses to assert any such defense.

10.     Plaintiff's cause(s) of action is barred by the applicable statute(s) of limitations.

WHEREFORE, Defendant respectfully requests judgment in favor of Defendant and against Plaintiff, at Plaintiff's cost, and for such other and further relief this Court deems just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

**BECKER, PAULSON, HOERNER
& THOMPSON, P.C.**

By: */s/Kevin T. Hoerner*
      Kevin T. Hoerner #06196686
      **Attorney for Defendant
      Edwardsville Health Care
      Center Investors, L.L.C.
      d/b/a/ University Nursing &
      Rehabilitation Center**
      5111 West Main Street
      Belleville, Illinois 62226
      Telephone: (618) 235-0020
      Facsimile: (618) 235-8558
      kth@bphlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

WILBURN WILLIAMSON,
*Individually and as Special Administrator
of the Estate of* PAULINE GALE,

       Plaintiff,

v.                                                          Case No. 06-1023-MJR-PMF

MERCK & CO., *also d/b/a* MERCK,
SHARP AND DOHME, *and d/b/a* MSD
SHARP & DOHME GmbH, PFIZER, INC.          **DEFENDANT DEMANDS**
*and* EDWARDSVILLE HEALTH CARE            **TRIAL BY JURY**
CENTER INVESTORS, L.L.C. *d/b/a
University Nursing & Rehabilitation Center*,

       Defendants.

## CERTIFICATE OF SERVICE

       I hereby certify that on **June 19, 2007**, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following registered participants:

**Aaron K. Dickey**
Goldenberg, Heller, et al.
2227 South State Route 157
P.O. Box 959
Edwardsville, IL 62025
Aaron@gmhalaw.com
**Attorney for Plaintiff**

**Robert H. Shultz, Jr.**
Heyl, Royster et al. – Edwardsville
103 West Vandalia Street
P.O. Box 467
Edwardsville, IL 62025
rshultz@hrva.com
**Attorney for Pfizer, Inc.**

**Randy J. Soriano**
**Stephen G. Strauss**
Bryan Cave - St. Louis
211 North Broadway
One Metropolitan Square,
Suite 3600 St. Louis, MO 63102
rjsoriano@bryancave.com
sgstrauss@bryancave.com
**Attorneys for Merck & Co., Inc.**

                    **BECKER, PAULSON, HOERNER**
                    **& THOMPSON, P.C.**

                    By: */s/Kevin T. Hoerner*
                          Kevin T. Hoerner #06196686
                          **Attorney for Defendant**
                          **Edwardsville Health Care**
                          **Center Investors, L.L.C.**
                          **d/b/a/ University Nursing &**
                          **Rehabilitation Center**
                          5111 West Main Street
                          Belleville, Illinois 62226
                          Telephone:(618) 235-0020
                          Facsimile: (618) 235-8558
                          kth@bphlaw.com